## S12A2084. GIBSON v. THE STATE.
(736 SE2d 427)

MELTON, Justice.

Following a jury trial, Bobby D. Gibson appeals his convictions for the murder of Tasha Brown and the aggravated assault of her mother, Yvette Brown, contending that the evidence was insufficient to support the verdict.[1] For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, in 2005, Gibson and Tasha ended their relationship, leaving Gibson distraught. Tasha moved out of the apartment she shared with Gibson and began living with her mother. On May 30, 2005, Tasha visited Gibson, and, while she was in the apartment, Gibson tried to tie Tasha to the bed. He also asked Tasha what she would do if he tried to cut her with a knife. Tasha left the apartment and told her mother what had transpired. The next day, May 31, 2005, Tasha arranged a time with Gibson for her to pick up a computer that was still in Gibson's apartment. Tasha also coordinated the errand with her mother so Tasha would not be alone with Gibson. Throughout the day, Gibson repeatedly called Tasha's mother to ensure that they were coming to the apartment, an act which Tasha's mother found to be uncharacteristic and odd.

---

[1] On June 21, 2005, Gibson was indicted for the malice murder and felony murder of Tasha and the aggravated assault of Yvette. Following a jury trial, Gibson was found guilty of malice murder and aggravated assault, and he was sentenced to life imprisonment for murder with twenty consecutive years for aggravated assault. Gibson filed a motion for new trial on June 22, 2006, which the trial court denied on May 30, 2012. Gibson timely filed a notice of appeal, and his case, docketed to the September 2012 term of this Court, was submitted for decision on the briefs.

That afternoon, Tasha and her mother arrived at Gibson's apartment. While Tasha was disconnecting the computer in the living room, Gibson told Tasha's mother that he needed to talk to her in one of the bedrooms. In the bedroom, Gibson showed Tasha's mother a bag on the bed filled with deodorant. Tasha's mother then turned her back to Gibson, and she was knocked unconscious by something that hit the left side of her head. She did not actually see who hit her or what struck her. When Tasha's mother finally regained consciousness, she saw Gibson lying on his back with a knife in his hand. The victim's mother immediately called 911 and proceeded to run out of the apartment.

When police arrived and entered the apartment, they found both Gibson and Tasha on the floor of the kitchen. Tasha, who was dead, had two large lacerations to her neck and head which severed both the carotid artery and the jugular vein, and she was lying in a large amount of blood. The path of Tasha's slash wounds indicated that her attacker was right-handed, like Gibson. Gibson was lying beside Tasha's body, rolling her hair between his fingers and kicking a door with his foot. Gibson had two knife wounds on his body, to his neck and left wrist; however, the bleeding associated with these wounds had stopped by the time emergency medical personnel arrived. Numerous knives were found in the apartment, a number of which tested positive for Gibson's blood, but not Tasha's. There were no signs of forced entry into the apartment.

Gibson contends that the evidence did not support his convictions. We disagree. With regard to the aggravated assault of Tasha's mother, the evidence showed that Tasha's mother was forcefully struck when she was alone in a bedroom with Gibson. The blow was so strong that it caused the side of her face to swell and her eye to become puffy. Due to the nature of this injury, the jurors could have reasonably inferred that Gibson, the only other person in this room, inflicted this blow with his fist or the plastic bag of deodorants. See, e.g., *Miller v. State*, 292 Ga. App. 641 (1) (666 SE2d 35) (2008) (jurors may infer character of weapon from nature, kind, and location of wounds). With regard to Tasha's murder, the evidence showed that, the day before Tasha was killed, Gibson attempted to tie her up and threatened to cut her with a knife. The following day, Tasha was killed in Gibson's apartment with a knife while she, Gibson, and her unconscious mother were the only ones present. The evidence was sufficient to support the convictions. See *Muhammed v. State*, 290 Ga. 880 (1) (725 SE2d 302) (2012) (defendant was found inside home with body of his estranged wife). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Martin H. Eaves,* for appellant.

*Richard E. Currie, District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.